UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY | ) ) ) | |
| v. | ) ) | NO. 2:08-CV-240 |
| CROWN LABORATORIES, INC. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This Court will address two pending motions in turn: (1) The plaintiff/counter-defendant Cincinnati Insurance Company ("Cincinnati" or plaintiff) Motion for Reconsideration, [Doc. 95], and (2) Cincinnati's Motion for Partial Summary Judgment as to the Issues of Treble Damages under the Consumer Protection Act and the Bad Faith Penalty, [Doc. 89].

The plaintiff filed a motion to reconsider, pursuant to Federal Rule of Civil Procedure 54(b), this Court's March 30, 2010 Memorandum Opinion and Order resolving cross motions for partial summary judgment on the duty to defend issue. In that Memorandum Opinion and Order, this Court held that Cincinnati had a duty to defend under the Comprehensive General Liability policy ("CGL") because the underlying *Stiefel* complaint alleged disparagement. However, there was no duty to defend under the Umbrella Form US 101 UM 12 04 (the "Umbrella"). The Court

relied on *Ralph v. Pipkin*, 183 S.W.3d 362 (Tenn.App. 1983) in determining the meaning of the term "disparage." *Ralph* stated:

> Disparagement is defined as a statement which is intended to "be understood or which is reasonably understood to cast doubt upon the existence or extent of another's property and land, chattels, or intangible things, or upon their quality." Black's Law Dictionary 422 (5th Ed. 1979). Disparagement of goods is defined as "[a] statement about a competitor's goods which is untrue or misleading and is made to influence or tends to influence the public not to buy." *Id*. Disparagement of title is "distraction from title...injurious falsehood in which a spurgeon is cast on person's title to property."

183 S.W. 3d 362 at 369. Thus, the Court disagreed with Cincinnati's position that "disparagement" is akin to defamation.

The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. The Court's power to reconsider exists under federal common law, *see, e.g., City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001), and there is additional support in Federal Rule of Civil Procedure 54(b). *See Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir.1991) (approving of Rule 54(b) as a proper procedural vehicle for bringing motions to reconsider interlocutory orders). Under Rule 54(b), an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is "subject to revision at any time before the entry of judgment

adjudicating all the claims and the rights and liabilities of all the parties."

Again, this Court has authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). This authority allows district courts "to afford such relief from [interlocutory orders] as justice requires." *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F.Supp. 976, 981 (D. D.C. 1994); *see also Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998).

The plaintiff essentially reasserts the same arguments it did initially. However, it does rely on different cases to support its arguments, one of which was not decided at the time the Court decided the underlying motions. Therefore, the plaintiff seems to be arguing a combination of the above factors. Specifically, the plaintiff relies upon *Gibson Guitar Corporation v. Levine*, an unpublished decision from the Middle District of Tennessee, Case 3:05-CV-00240, July 27, 2005, *The Cincinnati Insurance Company v. Interlochen Center for the Arts*, 2003 U.S. Dist. LEXIS 13288 (U.S.D.C. W.D. Mich. 2003), and *Travelers v. Hillerich*, 598 F.3d 257 (6th Cir. 2010), in

3

arguing that (1) Crown did not actually make the disparaging remarks, (2) defamation and disparagement are akin, and (3) because the underlying complaint does not include allegations of defamation, then there is no duty to defend.

This Court previously decided, after analyzing the definition of disparagement in *Ralph*, that the actual policy language controlled regarding the making of the statements. The Court determined that it was not necessary for Crown to have been the actual publisher of the statements. Cincinnati fails to address this in their motion. Thus, *Gibson* is not actually on point.

Then, the Court determined that the underlying complaint did not contain allegations of defamation. The Court further decided that because defamation and disparagement are not one in the same, and because the complaint asserts an allegation of disparagement, there was a duty to defend. Although the "new" cases cited by the plaintiff somewhat address the issue, they are not exactly on point either. The Michigan District Court case is merely persuasive authority, and the Sixth Circuit case discusses the issue in terms of Kentucky law, not Tennessee law. Without more, this Court disagrees with plaintiff's position yet again. Thus, the motion to reconsider in this regard is **DENIED**.

Next, the plaintiff moves the Court to reconsider its decision regarding whether the allegations are that Crown acted intentionally, so that certain policy exclusions

4

would apply to bar coverage. This Court addressed the precise issue in its March 30, 2010 Memorandum Opinion and Order. The plaintiff has offered certain cases to support its position, a majority of which were available to it at the time of arguing the underlying motion. None of these cases are binding upon this Court; they are at best persuasive authority. This Court, however, is not persuaded by them, and the plaintiff has merely attempted to reargue its motion without giving solid reasons why this Court's decision was erroneous other than to say that other courts in other districts have come to different conclusions in somewhat similar situations. Here, where the decision must be made according to the particular language of the policy and the underlying factual allegations, this Court is not persuaded to come to a different conclusion. The plaintiff's motion is **DENIED**.

Cincinnati moves for partial summary judgment regarding the issues of treble damages and the bad faith penalty. It argues that Crown is not entitled to either. Crown does not specifically respond on these issues.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in

the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339,

1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

Tennessee Code Annotated section 56-7-105(a) sets forth the bad faith penalty. It provides:

> The insurance companies of this state, and foreign insurance companies and other persons and corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss of interest on the bond, a sum not exceeding 25% on the liability for the loss; provide that it is made to appear to the Court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss or injury including attorney's fees upon the holder of the policy or fidelity bond . . . .

Tenn. Code Ann. § 56-7-105(a). Before recovery pursuant to this provision, "(1) the

policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith." *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986); *Walker v. Tennessee Farmers Mut. Ins. Co.*, 568 S.W.2d 103, 106 (Tenn. Ct. App. 1977). The insured has the burden of proving the insurer's bad faith. *Palmer*, 723 S.W.2d at 126. Whether an insurer acted in good faith is generally a fact question for the trier of fact. *Mason v. Tennessee Farmers Mut. Ins. Co.*, 640 S.W.2d 561, 567 (Tenn. Ct. App. 1982).

Treble damages under the Consumer Protection Act are provided for in Tennessee Code Annotated section 47-18-109(a)(3). It states:

> If the Court finds that the use or employment of the unfair or deceptive act or practice is a willful or knowing violation of this part, the Court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper.

Tenn. Code Ann. § 47-18-109(a)(3). Thus, the entitlement to treble damages under the TCPA is limited to a "willful or knowing violation." *Id.*

Here, there is no evidence in the record to create a genuine issue of material fact as to either issue. Cincinnati had a rational basis for believing coverage did not exist,

8

and it even took steps to assure its decision was correct in that it filed this declaratory judgment action to have the Court determine such coverage.  In this situation, the insured, Crown, has not come forth with competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of these issues.  As such, Cincinnati's Motion for Partial Summary Judgment on the issues of bad faith and treble damages is **GRANTED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

9

Case 2:08-cv-00240   Document 157   Filed 04/30/12   Page 9 of 9   PageID #: 1161